IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ELTINA MATTHEWS,

   Plaintiff,

v.                                         Civil Action No. GLR-20-228

CREDIT ONE BANK, N.A., et al.,

   Defendants.

                                 ***

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Credit One Bank, N.A.'s ("Credit One") Motion to Enforce Settlement Agreement (ECF No. 30) and Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 41).[1] The Motions are ripe for review, and no hearing is needed. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will grant the Motions and dismiss the Amended Complaint as to Defendant Credit One.

### I.    BACKGROUND

Plaintiff Eltina Matthews brings this suit against Defendants Credit One, Equifax Information Services, LLC ("Equifax"), and Trans Union, LLC ("TransUnion") pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). (Am. Compl. ¶ 1,

---

[1] Also pending before the Court is Credit One's Motion to Dismiss Plaintiff's Complaint (ECF No. 29). This Motion was rendered moot when Plaintiff Eltina Matthews filed an Amended Complaint on November 13, 2020. See Venable v. Pritzker, No. GLR-13-1867, 2014 WL 2452705, at *5 (D.Md. May 30, 2014) ("When a plaintiff files an amended complaint, it generally moots any pending motions to dismiss because the original complaint is superseded."), aff'd, 610 F. App'x 341 (4th Cir. 2015). Accordingly, the Court will deny this Motion as moot.

ECF No. 36). Credit One is a bank "that provides credit cards to individuals with credit challenges." (Id. ¶ 3). Equifax and TransUnion are consumer reporting agencies ("CRAs") as defined in 15 U.S.C. § 1681a(f). (Id. ¶¶ 4–5). Before outlining the allegations in Matthews' present action, the Court will briefly describe previous litigation between Matthews and Credit One.

### A.     2018 Action & Settlement Agreement[2]

On or about July 16, 2018, Matthews filed a pro se action against Credit One and other parties in the Circuit Court for Baltimore City, Maryland, which was subsequently removed to this Court on September 4, 2018 (the "2018 Action"). See Matthews v. Bank of Am., et al., Case No. 1:18-cv-2728 (D.Md.). Matthew's first amended complaint, which was filed by her current counsel, asserted a single FCRA claim against Credit One for its alleged failure to adequately investigate and delete a $594 tradeline for a charged-off credit card with a $0.00 balance. See Am. Compl. ¶¶ 17–18, 23–34, Matthews v. Bank of Am., et al., Case No. 1:18-cv-2728 (D.Md. filed Jan. 24, 2019), ECF No. 30.

On March 18, 2019, Matthews and Credit One executed a settlement agreement resolving Matthews' claims (the "Settlement Agreement"). (See ECF No. 31). Pursuant to

---

[2] Credit One argues, among other things, that Matthews' Amended Complaint should be dismissed as res judicata because it is precluded by previous litigation between the parties. In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court is permitted to consider matters of public record. See Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, when considering a Rule 12(b)(6) motion based on res judicata, the Court may "take judicial notice of facts from a prior judicial proceeding" when the assertion of preclusion as a defense "raises no disputed issue of fact." Andrews v. Daw, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (citations omitted). Accordingly, in resolving Credit One's Motion, the Court will take judicial notice of the 2018 Action and the resulting Settlement Agreement.

the Settlement Agreement, Matthews agreed to release any and all claims and causes of action against Credit One that were related to those raised in the 2018 Action. (Settlement Agreement § 4.B, ECF No. 31). The Settlement Agreement also provided that Credit One would request the CRAs to delete the tradeline for the credit card. (Id. § 3.E). Under the Settlement Agreement, if Matthews determined that the CRAs did not delete the tradeline for her account within sixty days after the execution of the Settlement Agreement, she was required to provide prompt written notice to Credit One's legal department. (Id.). Credit One would then have thirty days to send another request for deletion of the tradeline to the CRAs in order to satisfy its obligation under the Settlement Agreement. (Id.). In addition, the Settlement Agreement required Matthews to send a written notice to Credit One if she believed that Credit One was in breach of the Settlement Agreement. (Id. § 4.E). The Settlement Agreement required any written notice to be directed to: Credit One Bank, N.A., Attn: Legal Department, 6801 S. Cimarron Road, Las Vegas, NV 89113. (Id. §§ 3.E, 4.E).

After the parties executed the Settlement Agreement, Matthews submitted a notice of voluntary dismissal in the 2018 Action on April 19, 2020. See Notice of Voluntary Dismissal, Matthews v. Bank of Am., et al., Case No. 1:18-cv-2728 (D.Md. filed Apr. 19, 2019), ECF No. 49.

**B.      Present Action**

Matthews initiated the present FCRA suit against Credit One, Equifax, and Trans Union on January 24, 2020. (ECF No. 1). Matthews filed an Amended Complaint on November 13, 2020. (ECF No. 36). Matthews' three-count Amended Complaint alleges: Credit One failed to adequately report, investigate, and delete the disputed information in

3

violation of § 1681s-2(b) of the FCRA (Count One); Equifax and Trans Union failed to establish and/or follow reasonable procedures in the preparation of Matthews' credit reports in violation of § 1681e(b) of the FCRA (Count Two); and Equifax and Trans Union failed to promptly investigate and resolve the disputed information in violation of § 1681i(a) of the FCRA. (Am. Compl. ¶¶ 23–48). As to her allegations against Credit One, Matthews states that "she disputed the $594 balance [on her Credit One tradeline] . . . because it did not reflect a $593.68 payment she made to Ameriquest, which was a debt collector for the Credit One debt." (Id. ¶ 12). Additionally, Matthews contends that she disputed the balance "because Credit One agreed to remove the debt" from her report. (Id.). Matthews seeks actual, statutory, and punitive damages, fees and costs, and pre- and post-judgment interest. (Id. at 8).

Trans Union filed an Answer to the Amended Complaint on November 30, 2020. (ECF No. 42). Equifax answered the initial Complaint on March 30, 2020. (ECF No. 8). To date, however, the Court has no record that Equifax has answered or otherwise responded to the Amended Complaint. Accordingly, the Court will provide Equifax with fourteen (14) days from the date of this Order to respond to Matthews' Amended Complaint.

On October 21, 2020, Credit One filed a Motion to Dismiss for Failure to State a Claim and a Motion to Enforce Settlement Agreement. (ECF Nos. 29, 30). Matthews then filed her Amended Complaint on November 13, 2020. (ECF No. 36). Matthews filed her Opposition to the Motion to Enforce Settlement Agreement on November 15, 2020, followed by Credit One's Reply on December 8, 2020. (ECF Nos. 38, 43).

4

Credit One moved to dismiss Matthews' Amended Complaint on November 25, 2020. (ECF No. 41). Matthews filed her Opposition on December 15, 2020. (ECF No. 46). Credit One filed a Reply on January 8, 2021. (ECF No. 50).

## II.   DISCUSSION

**A.   Motion to Dismiss**

The purpose of a Rule 12(b)(6) motion is to "test[ ] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs, 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

Credit One argues that Matthews' Amended is barred by the doctrine of res judicata in light of the parties' Settlement Agreement.[3] For the reasons explained below, the Court agrees.

Generally speaking, whether res judicata precludes a subsequent action "turns on the existence of three factors: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privities in the two suits." Clodfelter v. Republic of Sudan, 720 F.3d 199, 210 (4th Cir. 2013) (quoting Pueschel v. United States, 369 F.3d 345, 354–55 (4th Cir. 2004)). Importantly, however, "the traditional res-judicata inquiry is modified in cases where the earlier action was dismissed in accordance with a release or other settlement

---

[3] Credit One also argues that the Amended Complaint should be dismissed because Matthews failed to comply with the pre-suit notice requirements in the Settlement Agreement and Matthews' FCRA claim is improperly premised on Credit One's contractual obligation to delete the tradeline under the Settlement Agreement. Because Matthews' claims are barred on res judicata grounds, the Court need not address the balance of Credit One's arguments.

agreement." United States ex rel. May v. Purdue Pharma L.P., 737 F.3d 908, 913 (4th Cir. 2013) (citing Keith v. Aldridge, 900 F.2d 736, 740–41 (4th Cir. 1990)). A judgment entered "based upon the parties' stipulation, unlike a judgment imposed at the end of an adversarial proceeding, receives its legitimating force from the fact that the parties consented to it." Norfolk S. Corp. v. Chevron, U.S.A., Inc., 371 F.3d 1285, 1288 (11th Cir. 2004). "When a consent judgment entered upon settlement by the parties of an earlier suit is invoked by a defendant as preclusive of a later action, the preclusive effect of the earlier judgment is determined by the intent of the parties." Keith, 900 F.2d at 740 (citations omitted); see also Ohio Valley Env't Coal. v. Aracoma Coal Co., 556 F.3d 177, 211 (4th Cir. 2009) ("Settlement agreements operate on contract principles, and thus the preclusive effect of a settlement agreement should be measured by the intent of the parties." (internal quotation marks and citation omitted)). In other words, "where a dismissal is 'based on a settlement agreement, . . . the principles of res judicata apply (in a somewhat modified form) to the matters specified in the settlement agreement, rather than the original complaint.'" Purdue Pharma, 737 F.3d at 913 (quoting Norfolk, 371 F.3d at 1288). Accordingly, the Court must look to the terms of the Settlement Agreement to determine whether Matthews' present claims are barred by res judicata.

Here, the 2018 Action resulted in the Settlement Agreement between the parties, which released Credit One "from any and all claims . . . and causes of action of any kind or nature which [Matthews] may now have or claim to have against [Credit One], including without limitation all claims or causes of action which in any way, directly or indirectly,

or in any other way arises from or are connected with . . . the [2018 Action]." (Settlement Agreement § 4.B). The Agreement also specifies that it:

> cover[s] and . . . include[s] any and all known damages or future damages not now known to any of the Parties hereto, but which may later develop or be discovered, including the effects and consequences thereof, and including all causes of action therefore which arise out of the same facts as were alleged.

(Id.). Thus, the question is whether Matthew's present claim against Credit One is "connected with" or "arise[s] out of the same facts" alleged in the 2018 Action such that it is precluded by the Settlement Agreement. The Court finds that it is.

In the 2018 Action, Matthews raised an FCRA challenge against Credit One for its failure to accurately report, investigate, and delete the $594 tradeline on her Credit One account. The Settlement Agreement endeavored to resolve Matthews' claim by, among other things, requiring Credit One to submit a request to the CRAs to delete the $594 tradeline. In the current litigation, Matthews' once again brings an FCRA claim against Credit One for its failure to accurately report, investigate, and delete the same $594 tradeline. Specifically, Matthews states that "she disputed the $594 balance [on her Credit One tradeline] . . . because it did not reflect a $593.68 payment she made to Ameriquest" and "because Credit One agreed to remove the debt" from her report. (Am. Compl. ¶ 12). Because Matthews' present suit clearly arises out of the same facts that gave rise to the 2018 Action, her claim against Credit One is barred by res judicata.

Matthews responds that her current FCRA claim against Credit One is not res judicata because it could not have been raised in the 2018 Action, as it did not accrue until after the parties executed the Settlement Agreement. Though not alleged in her Amended

8

Complaint, Matthews explains in her Opposition that Ameriquest continued to seek collection of the Credit One debt even after she signed the Settlement Agreement on February 27, 2019. (See Pl.'s Opp'n Mot. Enforce Settlement Agreement at 2, ECF No. 38). As a result, Matthews paid the Credit One debt to Ameriquest on February 28, 2019. (Id.). In May 2019, however, Matthews reviewed her credit reports and learned that Credit One was still reporting the charge-off. (Id.). Matthews then sent dispute letters to the CRAs on May 20, 2019 and August 19, 2019. (Id. at 2–3). According to Matthews, her current claim against Credit One thus relates to new FCRA violations that occurred after May 2019. In other words, because her current FCRA claim did not arise until at least thirty days after she sent the May 2019 dispute letters, Matthews contends it is not precluded under the terms of the Settlement Agreement.

This argument misses the mark. Regardless of whether her current claims relate to conduct that took place after the parties executed the Settlement Agreement, Matthews cannot avoid the fact that the Settlement Agreement specifically precludes "all claims or causes of action which in any way, directly or indirectly, or in any other way arise[] from or are connected with" the 2018 Action. (Settlement Agreement § 4.B). Because both lawsuits involve the same claim—that is, Credit One's failure to adequately investigate and/or delete the $594 tradeline—her present claim is clearly precluded. Further, as the Court discusses in more detail below, the Settlement Agreement provided an avenue for redress if Credit One failed to remove the tradeline in the time provided by the Agreement. Once again, because Matthews' current FCRA claim against Credit One is clearly "connected with" the claims asserted in the 2018 Action, it is therefore precluded by the

Settlement Agreement. Accordingly, the Court will dismiss Matthews' FCRA claim against Credit One.

### B. Motion to Enforce Settlement Agreement

Credit One also argues that Matthews' Amended Complaint should be dismissed because she failed to comply with the terms of the Settlement Agreement before filing suit.[4] For the reasons outlined below, the Court once again agrees with Credit One.

When the parties to litigation in federal court reach an agreement to settle the case, the district court has "inherent authority, deriving from [its] equity power, to enforce [the] settlement agreement[]," and it may do so on a motion to enforce the settlement agreement filed in the underlying litigation. Hensley v. Alcon Lab'ys, Inc., 277 F.3d 535, 540 (4th Cir. 2002); see also Smith v. Montgomery Cnty., No. PWG-17-3122, 2019 WL 1130156, at *3 (D.Md. Mar. 12, 2019). A motion to enforce a settlement agreement is tantamount to "an action for specific performance of a contract." Amaya Diaz v. Pho Eatery, Inc., No. DKC-17-2968, 2019 WL 5102696, at *1 (D.Md. Oct. 11, 2019) (quoting United States ex rel. McDermitt, Inc. v. Centex-Simpson Constr. Co., 34 F.Supp.2d 397, 399 (N.D.W.Va. 1999)). Thus, "to enforce the settlement agreement, the court must 1) find that the parties reached a complete agreement and 2) must be able to determine that agreement's terms and conditions." Id. (citing Hensley, 277 F.3d at 540–41). The question of whether to enforce

---

[4] Credit One also seeks damages, costs, expenses, and attorneys' fees associated with defending against Matthews' suit. (See Mot. Enforce Settlement Agreement at 12, ECF No. 30-1). Section 4.F of the Settlement Agreement provides that the prevailing party in a civil action for breach of the Agreement is entitled to such costs. However, because the Court makes no ruling on whether Matthews breached the Settlement Agreement, the Court declines to award these costs to Credit One.

a settlement agreement is governed by "standard contract principles." Topiwala v. Wessell, 509 F.App'x 184, 186 (4th Cir. 2013) (per curiam) (citation omitted); see Hayward v. Brown, No. PWG-15-3381, 2017 WL 2117364, at *2 (D.Md. May 16, 2017), aff'd, 696 F.App'x 102 (4th Cir. 2017) (per curiam).

The parties agreed that Nevada law would apply to the terms of the Settlement Agreement. (See Settlement Agreement § 4.G). Nevada law provides that an enforceable contract requires an offer and acceptance, meeting of the minds, and consideration. See May v. Anderson, 119 P.3d 1254, 1257 (Nev. 2005) (citation omitted). A contract is formed when the parties have agreed to the material terms of the agreement, even if the contract's exact language is not final. Id. "A meeting of the minds exists when the parties have agreed upon the contract's essential terms." Certified Fire Prot., Inc. v. Precision Constr., Inc., 283 P.3d 250, 255 (Nev. 2012) (citation omitted). "Every contract imposes upon the contracting parties the duty of good faith and fair dealing." Hilton Hotels Corp. v. Butch Lewis Prods., 862 P.2d 1207, 1208 (Nev. 1993) (citations omitted).

Here, there is no dispute that the Settlement Agreement is a valid and enforceable contract between the parties. As such, the Court's sole task is discerning the terms of the Agreement and whether Matthews complied with those terms. Although Matthews' current claim against Credit One is styled as an FCRA claim, the claim effectively arises from Credit One's failure to compel the CRAs to delete the $594 tradeline in the time provided by the Settlement Agreement. The Settlement Agreement, however, provided a clear method of redress for Matthews in the event that the CRAs did not delete the tradeline within sixty days. Specifically, Matthews was to provide written notice to Credit One's

11

legal department, which would trigger Credit One's duty to submit another request to the CRAs. Further, if Matthews believed Credit One was in breach of the Settlement Agreement, Matthews was permitted to initiate civil litigation only after notifying Credit One and providing thirty days for Credit One to investigate and cure the breach.

Matthews did not follow these steps before filing the present suit. According to Matthews, around the time she mailed the May 20, 2019 dispute letter to the CRAs, she also mailed a copy of the letter to "Credit One Bank at 6801 S. Cimarron Road, Las Vegas, NV 8911." (Alston Decl. ¶ 5, ECF No. 38-1). Importantly, notwithstanding counsel's possible typographical error in the zip code, Matthews' notice did not comply with the terms of the Settlement Agreement, which required written notice to be mailed to "Credit One Bank, N.A., <u>Attn: Legal Department</u>, 6801 S. Cimarron Road, Las Vegas, NV 89113." (Settlement Agreement § 3.E (emphasis added)). Indeed, Credit One avers that it has no record of receiving this written notice from Matthews. (<u>See</u> Hoerner Decl. ¶¶ 4, 5, ECF No. 30-2). Further, after another thirty days had passed with the $594 tradeline still appearing on her credit reports, Matthews was entitled to notify Credit One that it was in breach of the Settlement Agreement. Rather than doing so, however, Matthews simply initiated this FCRA suit against Credit One. Because Matthews failed to comply with the Settlement Agreement's pre-suit notice requirements, dismissal is warranted.

For her part, Matthews argues that she was not required to provide notice prior to filing suit because her claims are for violation of the FCRA, not for breach of contract. The Court is not persuaded. Matthews clearly alleges that she sent the May 2019 dispute letters "because Credit One agreed to remove the debt" from her report but had not yet done so.

(Am. Compl. ¶ 12). Of course, Matthews conveniently omits from her Amended Complaint that Credit One agreed to delete the tradeline as part of the Settlement Agreement. Matthews cannot avoid the notice requirements of the Settlement Agreement by styling her claim as one arising under the FCRA. Accordingly, her claim against Credit One must be dismissed.

## III. CONCLUSION

For the foregoing reasons, Credit One's Motion to Enforce Settlement Agreement (ECF No. 30) and Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 41) will be granted. A separate Order follows.

Entered this 16th day of June, 2021.

/s/
George L. Russell, III
United States District Judge